UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LYNDON TCHERNESHOFF, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:19-cv-284-LCB |
| NORTHRUP GRUMMAN CORP., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Northrop Grumman Corporation ("NGC"), the Northrop Grumman Benefits Plan Administrative Committee (the "Committee"), and the Northrup Grumman Electronic Systems Executive Pension Plan ("ESEPP") (collectively, "defendants") have filed a partial motion to dismiss (doc. 10) pursuant to Rule 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response (doc. 17), and defendants filed a reply (doc. 18). Therefore, this matter is ready for review. For the reasons stated herein, the partial motion to dismiss is granted.

### I.   BACKGROUND

Plaintiff brought this action pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Plaintiff avers that he was employed by NGC from April 30, 1993, to October 2, 2009. (Doc. 1, p. 1).

During his employment, plaintiff became vested in two pension plans, the ESEPP, as well as the Northrop Grumman Electronic Systems Pension Plan ("ESPP"). (*Id*.). Plaintiff states that he has been receiving his vested pension benefit pursuant to the ESPP in accordance with its terms. However, on April 26, 2018, plaintiff applied for benefits pursuant to the ESEPP. (*Id*. at 2). Plaintiff alleges that, on July 26, 2018, he was been denied ESEPP benefits. (*Id*. at 2). The ESEPP is subject to ERISA. Plaintiff asserts that he timely made an administrative appeal of the decision with respect to the denial of ESEPP benefits, and that, on November 19, 2018, the Committee – the body that administrates and operates the ESEPP – denied his administrative appeal. (*Id*. at 2-3).

With respect to the ESEPP specifically, plaintiff alleges that he enrolled in the ESEPP plan on January 1, 2003, and became vested in same on January 1, 2008. (*Id*. at 4). Although it is not entirely clear to the Court, it appears that plaintiff alleges that one or all defendants amended or "aligned" its pension plans in July 2009, and it is not clear whether a "special layoff provision" was included in the ESEPP. (*Id*. at 5). Plaintiff contends that the "now current" ESEPP, as updated in 2012, supersedes all prior versions and does not preclude plaintiff from receiving ESEPP benefits. (*Id*. at 5-6). Plaintiff also asserts that he is eligible for benefits pursuant to the 2009 version of the ESEPP as well. (*Id*. at 7). Plaintiff also alleges that he was fully vested in the ESEPP at the time of his layoff in

2

October 2009, and that, as part of his negotiated severance, he was guaranteed that he would receive the benefit of all pensions in which he was vested, including the ESEPP. (*Id*. at 6). Plaintiff claims that, to the extent any discrepancies exist, they must be resolved in his favor.

Plaintiff therefore asserts the following claims. First, in Count I[1], plaintiff asserts a claim under Section 502(a)(3) of ERISA[2] for the denial of benefits under the ESEPP plan. Although the title of Count I requests both declaratory and injunctive relief, the body of Count I only requests injunctive relief. Therefore, the Court will assume that Count I requests injunctive relief, including payment of benefits, an accounting of all prior benefits due, disgorgement of profits earned on amounts wrongfully withheld, and injunction against further violations, among other things.

In Count II, plaintiff asserts a claim under Sections 502(a)(1) and (3) of ERISA for the recovery, or payment, of past and future actuarially equivalent benefits under the ESEPP.

---

[1] Plaintiff describes his claims as "First Claim for Relief," "Second Claim for Relief," "Third Claim for Relief," and "Fourth Claim for Relief." (Doc. 1). For ease of reference, the Court will refer to these claims, respectively, as Count I, Count II, Count III, and Count IV.

[2] Plaintiff makes citations in an inconsistent manner to both the public law embodying ERISA, *e.g.*, Section 502(a)(1), Pub. L. No. 93-406, as amended through Pub. L. No. 114-255, enacted December 13, 2016, and the codification of same at 29 U.S.C. § 1132(a)(3). In this memorandum opinion and order, the Court will only refer and cite to the sections of the public law itself, as opposed to the United States Code, as that appears to be the common practice among courts and parties alike.

In Count III, plaintiff asserts a claim under Sections 502(a)(3) and 1104[3] of ERISA for breach of fiduciary duty. In the body of Count III, plaintiff seeks declaratory relief, namely that the Court declare that "the Plan's established methodologies for calculating actuarial equivalence of Alternate Annuity Benefits violate ERISA because they do not provide an actuarially equivalent benefit." (Doc. 1, p. 10). Plaintiff also seeks the same equitable relief requested in Count I, including payment of benefits, an accounting of all prior benefits due, disgorgement of profits earned on amounts wrongfully withheld, and an injunction against further violations, among other things.

In Count IV, plaintiff asserts a claim under 29 U.S.C. § 1132(a)(3), *i.e.*, Section 502(a)(3) of ERISA, for equitable reformation. It appears that plaintiff is alleging that defendants did not disclose to plaintiff that he was not vested in the ESEPP and/or continued to inform plaintiff that he was vested; however, plaintiff also alleges a breach of fiduciary duty by "failing to properly implement harmonization among plans." (Doc. 1, p. 12). Plaintiff requests that the Court "equitably reform the ESEPP to reflect the material terms as disclosed to the participant and as participant reasonably understood those terms based on the Defendants' disclosures." (Doc. 1, p. 12).

---

[3] The Court believes that plaintiff intended to cite Section 404 of ERISA, which addresses the discharge of fiduciary duties.

4

Defendants filed the partial motion to dismiss, requesting that the Court dismiss Counts I, III, and IV of the complaint, as well as plaintiff's claim in Count II under Section 502(a)(3). In other words, defendants move to dismiss all claims under Section 502(a)(3), the catchall provision, leaving only one claim under Section 502(a)(1)(b) to be considered in this action. Alternatively, defendants argue that, even if the breach of fiduciary claim in Count III was actionable under Section 502(a)(3), it should still be dismissed because the ESEPP is exempted from the fiduciary liability provisions because it is a "top hat" plan. Defendants also argue that, even if the claim for equitable reformation in Count IV was actionable under Section 502(a)(3), it should be dismissed because it fails to state a claim for relief. The Court will address, as necessary, these arguments in more detail in the discussion section of this memorandum opinion.

In response, plaintiff recites the standard for a motion to dismiss and claims that he has made a *prima facie* case for each count of the complaint, namely that he has pled his status as an employee, participant, and beneficiary, and that he is entitled to benefits or equitable reformation. Plaintiff does not, however, directly address the substance of defendants' arguments.

In their reply, in addition to pointing out plaintiff's failure to address the substance of their arguments, defendants argue that plaintiff admits that what he is actually pursuing is a claim for benefits.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the Court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting, in part, Fed. R. Civ. P. 8(a)(2)).

With respect to Rule 12(c), "[j]udgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by

6

considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A court must accept the facts as true and view them in the light most favorable to the nonmoving party. *Id*. Thus, a motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion. *Payne v. Doco Credit Union*, 734 F. App'x 623, 627 (11th Cir. 2018).

### III. DISCUSSION

Section 502(a)(1) of ERISA permits a civil action to be brought by a participant or a beneficiary for "(A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." Section 502(a)(1), ERISA. "Section 502(a)(1)(B) empowers ERISA participants and beneficiaries to bring a civil action in order to recover benefits, enforce rights to benefits, or clarify rights to future benefits due under the terms of an ERISA-governed welfare benefit plan." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004).

Section 502(a)(3) states that a civil action may be brought by a participant, beneficiary, or fiduciary "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this

7

title or the terms of the plan . . . ." Section 502(a)(3), ERISA. In *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), the plaintiffs were not able to recover benefits under Section 502(a)(1)(B). The United States Supreme Court noted that, as a result, the catchall remedial provision, Section 502(a)(3), could therefore be relied on by the plaintiffs to bring a claim because they would not have otherwise had a remedy. *Id*.; *see also Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) (noting that, in *Varity*, the Supreme Court observed that 502(a)(3) is a "catchall" provision that provides relief only for injuries that are not otherwise adequately provided for by Section 502(a)(1)(B)).

Following *Varity*, the Eleventh Circuit held that an ERISA plaintiff with an adequate remedy under Section 502(a)(1)(B) could not alternatively plead and proceed under Section 502(a)(3). *Jones*, 370 F.3d at 1069 (citing *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999)); *see also Ogden*, 348 F.3d at 1288-89 (finding that, because Section 502(a)(1)(B) for recovery of benefits provided plaintiffs an adequate remedy, they could not seek recovery under Section 502(a)(3) solely because their first cause of action under Section (a)(1)(B) had been unsuccessful). The Eleventh Circuit further concluded that, "a breach of fiduciary duty claim could not constitute 'appropriate' equitable relief within the meaning of Section 502(a)(3) for an injury that could be adequately remedied by a cause of action under Section 502(a)(1)(B)." *Jones*, 370

F.3d at 1073 (citing *Katz,* 197 F.3d at 1088–89). Thus, in determining whether a party has stated a claim under Section 502(a)(3), a district court should consider "whether the allegations supporting the Section 502(a)(3) claim [a]re also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of . . . the allegations supporting their other claims." *Id.* at 1073.

The Court agrees that the allegations in the counts of the complaint in support of Section 502(a)(3) support a sufficient cause of action under Section 502(a)(1)(B), and that Section 502(a)(1)(B) provides plaintiff with an adequate remedy. In Count I, plaintiff alleges that he was "improperly denied benefits" as in violation of ERISA and the ESEPP. (Doc. 1, p. 8). In Count II, plaintiff expressly seeks recovery of benefits as well, alleging that the ESEPP "improperly refused to pay benefits" to plaintiff in accordance with ERISA and the ESEPP. (*Id*. at 9). In Count III, the count specifically mentioning breach of fiduciary duty, plaintiff requests that the Court determine that the ESEPP's "established methodologies for calculating actuarial equivalence of Alternate Annuity Benefits violate ERISA because they do not provide an actuarially equivalent benefit." (*Id*. at 10). Nonetheless, in Count III, plaintiff also seeks payment of benefits, among other things. (*Id*.). In Count IV, plaintiff seeks equitable reformation of the ESEPP to

9

reflect his understanding of the terms as was represented to him to, as the Court understands it, result in the payment of benefits to him. (*Id*. at 11-12).

As the Court has noted, Section 502(a)(1)(B) permits a participant to "bring a civil action in order to recover benefits, enforce rights to benefits, or clarify rights to future benefits due under the terms of an ERISA-governed welfare benefit plan." *Jones*, 370 F.3d at 1069. The Court fails to see – and plaintiff has made no effort to enlighten it – how plaintiff does not have an adequate remedy under Section 502(a)(1)(B). *See United States v. Graham*, No. CR411-059, 2011 WL 2940385, at *1 (S.D. Ga. July 18, 2011), *aff'd*, 476 F. App'x 839 (11th Cir. 2012) ("In short, the Government's failure to properly raise this issue in its response to Defendant's motion has deprived the Court of any meaningful briefing on these issues."); *see also Collins v. BAC Home Loans*, No. 2:12-CV-3721-LSC, 2013 WL 2249123, at *7 (N.D. Ala. May 21, 2013) ("Because Plaintiffs have not offered any substantive response to BANA's arguments for dismissal of their five state law claims, these claims are deemed abandoned and Defendant's motion to dismiss is due to be granted with respect to Counts Three through Eight of the Complaint.").

Moreover, plaintiff does not appear to be bringing a claim for equitable reformation under Section 502(a)(3) as an alternative to Section 502(a)(1)(B). *Cf. Baird v. Aetna Life Ins. Co.*, 263 F. Supp. 3d 1231 1244 (M.D. Ala. 2017) (finding that plaintiff had stated a claim for equitable reformation where she tacitly

10

admitted that she had no claim for benefits under Section 502(a)(1)(B); *Woodruff v. Blue Cross & Blue Shield of Alabama*, No. 2:16-CV-00281-SGC, 2017 WL 1090591, at *3 (N.D. Ala. Mar. 23, 2017) ("Similarly, the plaintiff in *McCravy* alleged the defendant misrepresented that her daughter was covered under an employer-provided life insurance plan before denying a claim under the plan due to the daughter's ineligibility for benefits. Accordingly, contract remedies were not available to the plaintiff in *McCravy*; any relief would come via equitable remedies. The plaintiff here makes no such allegations. Indeed, the allegations in the amended complaint focus on the defendants' application of the Plan's terms in denying the plaintiff's claims for benefits."). That is, plaintiff does not allege (nor argue in his response) that he was not actually vested in the ESEPP such that no contract remedy is available to him and equitable reformation constitutes appropriate equitable relief. On the contrary, plaintiff alleges that he was fully vested in the ESEPP in both 2009 and 2012. (Doc. 1, p. 6).

Therefore, the Court finds that the any claim under Section 502(a)(3) shall be dismissed and that only a claim under Section 502(a)(1)(B) shall remain. *See, e.g.*, *Ogden*, 348 F.3d at 1288 ("Section 502(a)(1)(B) clearly and unambiguously provided the Ogdens with an adequate remedy for their injury by according them with a cause of action 'to recover benefits due to [them] under the terms of [David Ogden's] plan.' 29 U.S.C. § 1132(a)(1)(B). Therefore, the Odgens could not have

pleaded or proceeded under a Section 502(a)(3) theory of recovery . . . ."); *Blair v. Metro. Life Ins. Co.*, 167 F. Supp. 3d 1272, 1281 (N.D. Ala. 2016) ("Consequently, because Section 502(a)(1)(B) adequately addresses Ms. Blair's benefits-related injury under ERISA, her LTD Claim cannot be salvaged by resorting to ERISA's conditional catchall provision by invoking waiver, judicial estoppel, or any other equitable doctrine against MetLife. Thus, for all the foregoing reasons, MetLife's Dismissal Motion is due to be granted . . . ."); *Short v. Am. Cast Iron Pipe Co.*, 961 F. Supp. 261, 266 (N.D. Ala. 1997) (noting that the Supreme Court in *Varity* permitted the possibility of recovery under Section 502(a)(3) because no other provision in Section 502 would have allowed for recovery and that there "are significant factual differences between *Varity* and this case that make relief under § 502(a)(3) inappropriate in the case *sub judice*. Specifically, this plaintiff was, at the time of the actions in question, a participant in a fully solvent plan. Thus § 502(a)(1)(B) allows him to recover any benefits he is due under the plan, and relief under § 502(a)(3) is not appropriate.").

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the partial motion to dismiss (doc. 10) is GRANTED. All claims other than a claim under Section 502(a)(1)(B) are DISMISSED WITH

PREJUDICE. The Court declines to enter final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** July 8, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE